GEORGE R. SAYRE, PROSECUTOR, v. THE BOARD OF EX-
CISE OF THE CITY OF ELIZABETH ET AL.

Submitted December 1, 1910—Decided April 10, 1911.

The board of excise created in the city of Elizabeth by force of the
act of 1909 (*Pamph. L., p.* 98), is controlled in the granting of
licenses by section 35 of the Inn and Tavern act prohibiting a
new application within one year after the rejection of a former
application for a license. The fact that in 1910 a portion of the
city charter of the city of Elizabeth which had provided for an
excise board was repealed, and that this repealed portion had
provided that every license granted by the old board should be
subject to the provisions of the Inn and Tavern act, does not
affect the power of the board created under the act of 1909.

On *certiorari.*

Before Justices REED, PARKER and BERGEN.

For the plaintiff in *certiorari, William F. Groves.*

For the board of excise of the city of Elizabeth, *James C.
Connolly.*

For the defendant Nathaniel H. Astfalk, *Abe J. David.*

The opinion of the court was delivered by

REED, J. This writ brings up the granting of a license to
one Nathaniel H. Astfalk to keep an inn and tavern and to
retail spirituous liquors at 1214 East Grand street, in the city
of Elizabeth. The license was granted at a regular meeting
of the board of excise of the city of Elizabeth held on October
11th, 1910.

It appears that the board of excise had on March 10th pre-
viously, and, subsequently, on July 26th, 1910, refused to
grant to said Nathaniel H. Astfalk a license to keep an inn
and tavern at the same place, and it is insisted by the prosecu-
tor that for this reason the board of excise had no jurisdiction

to grant a license to the same applicant to keep an inn at the same place on October 11th, 1910.

The ability of the board of excise to grant this license depends upon whether section 35 of the Inn and Tavern act (*Gen. Stat., pp.* 1786, 1793) is in force in the city of Elizabeth. If so, the board of excise was without jurisdiction to grant a license within one year after a former application by the same party to keep an inn at the same place.

The present excise board exists under the provisions of an act to establish an excise department in certain cities in this state. *Pamph. L.* 1909, *p.* 98. The power conferred upon the board of excise commissioners is the same as conferred upon the boards of commissioners under the act of 1902. *Pamph. L., p.* 628.

It was held, in *Sexton* v. *Board of Excise Commissioners,* 47 *Vroom* 102, that the latter boards in granting licenses were limited by the provisions of the Inn and Tavern act. The same doctrine was applied in the case of *Reed* v. *Board of Excise of the City of Camden,* 48 *Id.* 33, and the cases cited by Mr. Justice Garrison in his opinion in that case exhibit the general rule that a transfer of the power of granting licenses to boards of excise did not repeal the limiting clauses of the Inn and Tavern act in the administration of their power to grant licenses.

But it is insisted by the plaintiff in *certiorari* that a different rule applies to licenses granted by the board of excise of the city of Elizabeth by reason of the course of legislation respecting the granting of licenses in that city.

The first board of excise in Elizabeth was created by an amendment to the city charter. *Pamph. L.* 1870, *p.* 754. Under this amendment the board of excise was to consist of the mayor and four persons appointed by the city council. By an act of the legislature (*Pamph. L.* 1910, *p.* 70), sections 3, 4, 5 and 6 of the supplement to the charter of the city of Elizabeth, providing for licenses, were repealed. Section 6 of the repealed sections provided that every license granted by the board should be subject to the provisions of the Inn and Tavern act, and it is insisted that the repeal of this sec-

tion 6 of the charter manifested a legislative intent that the act concerning inns and taverns should not apply to the board of excise of the city of Elizabeth.

This position, we think, is not tenable. The purpose of the repealing portion of the act of 1910 was to exclude from the charter all sections that applied to the granting of licenses. That subject being covered by the act of 1909, page 98, it left the subject of licenses as if there had been no provision in the charter. It left the field of legislation upon that subject, subject to the act of 1909, and under this act, as already observed, the limitations of the Inn and Tavern act were controlling.

Again, it is insisted that if the provisions of section 35 of the Inn and Tavern act are in force in the city of Elizabeth, it does not affect this license, because the application of Astfalk was not rejected by the board of excise within the preceding year.

This insistence is based upon the fact that upon the question of granting the last application for a license, four members of the board voted, two for and two against the granting of the application. It is insisted, therefore, that the application was not, in the language of section 35 of the Inn and Tavern act. "rejected."

It is clear, however, that where the question is being considered whether a right shall be granted or refused, and the judges constituting the court are equally divided in opinion, such relief cannot be granted. 11 *Cyc.* 760.

Mr. Astfalk had applied for an affirmative act of the board of excise. No such affirmative act could be had without the votes of the majority of the commissioners. The refusal of the majority to grant such affirmative act was a refusal by the board to grant it. One of the definitions of the word "reject," given by Mr. Webster, is, "to refuse to grant, as, to reject a prayer or request." The board in this case refused to grant the request of Mr. Astfalk, and so, in the language of the statute, rejected it.

The grant of the license should be vacated.