NATHANIEL H. ASTFALK, RESPONDENT, v. THE CITY OF ELIZABETH, APPELLANT.

Submitted March 24, 1913—Decided June 18, 1913.

Where the rules of an excise board prescribe that the amount of a license fee shall be paid prior to the consideration of a license— *Held,* that where such payment has been made and the board possesses no jurisdiction to grant a valid license, that such payment is a deposit for a purpose that has failed and is recoverable by the applicant.

On appeal from the Supreme Court.

For the appellant, *James C. Connolly.*

For the respondent, *Pitney, Hardin & Skinner.*

The opinion of the court was delivered by

TERHUNE, J.  This appeal brings up for review a judgment entered in the Supreme Court in favor of the plaintiff. The cause was tried before a judge of the Circuit Court of the county of Union, to whom it had been duly referred for trial, who (a jury having been waived by the parties) found the herein-below recited facts as a special verdict, on which judgment has been entered in favor of the plaintiff below.  The appellant has given notice of its appeal from this judgment on certain grounds.  The agreed facts are as follows:

Astfalk, the plaintiff below, prior to March 1st, 1910, had for twenty-five years conducted a duly licensed inn and tavern at 1214 East Grand street, Elizabeth. On that day he applied to the board of excise commissioners of the city of Elizabeth for a renewal of his license for one year.

The rules of the board of excise prescribe a license fee of $500 for inns and taverns, and require that such fee shall be paid by the applicant to the clerk of the board prior to the meeting of the board at which it is desired the license shall be granted, and that all fees paid shall be transmitted by the clerk to the city treasurer.

On March 18th Astfalk deposited with the clerk of the excise board $500 for the fee on the license he desired.

Astfalk's application was considered by the board of excise on March 22d, 1910, and failed, the vote thereon being a tie. Thereupon, and for the period of one year thereafter, the board was without jurisdiction to grant the license. *Sayre* v. *Board of Excise,* 52 *Vroom* 79.

September 1st, 1910, Astfalk renewed his application for a license. He had not withdrawn his deposit of $500, and it remained as a deposit for the new application, and was in due course turned over by the clerk of the board to the city treasurer, in pursuance of *Pamph. L.* 1909, *p.* 98.

October 11th, 1910, Astfalk's renewed application was considered by the board of excise and granted, and a license was issued to him accordingly.

October 19th, 1910, a writ of *certiorari* issued at the suit of George R. Sayre, directed to the excise board and bringing Astfalk's license before the Supreme Court for review.

On April 18th, 1911, a rule for judgment on the *certiorari* was entered, whereby it was ordered that the proceedings whereby the license was granted to Astfalk "are contrary to law and null and void, and that the same be set aside, and that the said license so granted as aforesaid, to the said Nathaniel H. Astfalk, to keep an inn and tavern and victualing house, with the privilege of retailing spirituous liquors at or about the premises, No. 1214 East Grand street, in the

city of Elizabeth and county of Union and State of New Jersey, be and the same is hereby set aside and for nothing holden."

The moneys paid by the plaintiff so as aforesaid turned over by the clerk of the excise board to the city treasurer were appropriated to the sinking fund of the city of Elizabeth under *Pamph. L.* 1872, *p.* 1192, before this suit was brought.

There are several specifications assigned in support of the appeal based upon the assumption that the amount in question was a voluntary payment, and as such could not be recovered. This assumption is wrong. The money was not placed in the hands of the clerk of the excise board as a voluntary payment, or as a payment at all. Originally it was a deposit made under the rules of the board as a prerequisite to the consideration of the license application, to be retained by the board as payment if a valid license was granted. The deposit and application were alike based upon the presumption that legal authority was vested in the board to grant the license sought after the refusal of the original application, and for the period of one year thereafter the board did not possess jurisdiction to take favorable action on the application, and hence no valid license was issued, no consideration passed to Astfalk, and no license fee was due from him. *Sayre* v. *Board of Excise of Elizabeth, supra.*

The plain meaning of the rule is that the deposit shall become the payment for a license that the board has legal authority to grant, and that if such authority does not exist, the reason for the retention of the deposit does not exist, and it is money had and received by the board for the use of the applicant, and recoverable by him in an action at law. The fact that the amount involved was allotted by the city officers to the sinking fund without the consent of the appellee, does not relieve the city from liability or affect the right of recovery. The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 15.

*For reversal*—None.